## Sayre *vs.* Craig.

Where S., by covenant, sold and agreed to convey to C., by deed in fee simple, and with general warranty, a tract of land, in consideration of which agreement C. agreed to pay S. $8,947 36, at a future day, and $5,000 at another day; and that, to secure the payments, he would deliver to S. bills on New-Orleans, drawn by a third person and accepted by himself, falling due at the dates, and for the amounts, of the respective payments; and it was agreed that possession should be delivered to C. by a day certain, prior to the debts falling due: Held that the covenants were independent, and S. might sue without averring performance or readiness to perform.

The rules as to dependent and independent covenants *quoted* and *discussed.*

And in a suit for the first payment, a plea that the defendant had paid part, and tendered bills for the residue, offers an immaterial issue.

This was an action of covenant tried in the Chicot circuit court, in January, A. D. 1841, before the Hon. Isaac Baker, one of the circuit judges.

Sayre *vs.* Craig.

The declaration was founded upon an agreement, of date Sept. 21, 1839, by which it was recited that Sayre had sold, and did thereby agree to convey to Craig, by deed in fee simple, and with general warranty, a certain tract of land; and that, in consideration of the agreement of Sayre, Craig agreed to pay to Sayre, on or before the first day of February, 1841, the further sum of $5000; and, to secure the payments, that he would deliver to Sayre bills of exchange drawn by James Erwin, of Lexington, Ky., accepted by Craig, in favor of Sayre, payable in New-Orleans, for the same, and at the dates, respectively, of the payments: and that posssesion of the land was to be delivered to Craig on or before the first day of January, 1840. The declaration then avers that Sayre has always been ready and willing to convey; and that he put Craig in possession according to the covenant. It then alleges, as a breach, that the first instalment had not been paid, nor the bills of exchange delivered to secure it.

To this declaration the defendant filed two pleas: first, *non infrequit conventionem;* and second, that, on the twelfth day of October, 1839, he paid Sayre $1000, which, with lawful interest and exchage from that day to the 21st February, 1840, the time of the first payment, made the sum of $1051 16, which Sayre then received as and for the sum of $1051 16, part of the first payment; and that, on the same 12th of October, 1839, Craig tendered Sayre a set of bills of exchange, drawn by Erwin, at Lexington, on Craig, dated Sept. 21, 1839, payable at 6 mo's, to the plaintiff, addressed to Craig, at New-Orleans, for $7896 20 cents, accepted by Craig; and also, another set, dated, drawn, and accepted in the same way, payable at New-Orleans on the first of February, 1841, for $5000; and that, upon such tender, he demanded a deed of Sayre, which deed Sayre refused to execute: that he has always been ready to give the bills, or pay the amount in money; and brings the same into court, ready to be paid, if Sayre will execute the deed.

The plaintiff moved to strike out the first plea, and demurred to the second. The grounds of demurrer assigned were, that the plea went to the whole declaration, whereas there should be a separate plea to each breach: that the plea, in averring a tender, offered an immaterial issue: that, as far as it alleged a tender of the bills payable in

1841, it was not responsive to any part of the declaration: that the tender was not of such bills as were provided for by the covenant, and Sayre's refusal to accept them did not waive his right to sue on the covenant, so that it showed no performance, or offer of performance, according to the terms of the covenant; and, finally, that the conveyance was not a condition precedent, and Craig had no right to demand it, as he alleged in his plea he had demanded it.

The first plea was stricken out, and the demurrer was overruled, for error in the declaration, and final judgment went against the plaintiff.

*Pike,* for the plaintiff.

If a day be appointed for the performance of any act, and such day *is to* happen, or *may* happen, before the performance of the act which is the consideration for the first mentioned act, then the covenants are considered mutual and independent, and an action may be brought without averring performance of the consideration; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent: and so it is *when no time is fixed* for the performance of the consideration. *Pordage* v. *Cole,* 1 *Saund.* 320 *a. Tompkins* v. *Elliott,* 5 *Wend.* 496. *Thorpe* v. *Thorpe,* 1 *Salk.* 171. *Kingston* v. *Preston,* cited in *Jones* v. *Barkley,* *Doug.* 684. *Callonel* v. *Briggs,* 1 *Salk.* 112. *Lock* v. *Wright, Str.* 571. *Year Book,* 48 *Edw.* 111, 2, 3, inaccurately cited in *Ughtred's case,* 7 *Co.* 74. *Terry* v. *Duntre,* 2 *H. Bla.* 392. *Campbell* v. *Jones,* 6 *T. R.* 572. *Acherly* v. *Vereon, Willes,* 156. *Blackwell* v. *Nash,* *Str.* 535. *Cunningham* v. *Morrell,* 10 *J. R.* 204. *Robb* v. *Montgomery,* 20 *J. R.* 15. *Goodwin* v. *Holbrook,* 4 *Wend.* 377. *Gardiner* v. *Carson,* 15 *Mass.* 501. *Couch* v. *Ingersoll,* 2 *Pick.* 300.

Where a covenant goes only to *part* of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant, without averring performance. Otherwise the damages would be unequal. 1 *Saund.* 320 *a. Duke of St. Albans* v. *Shore,* 1 *H. Bla.* 278. *Campbell* v. *Jones,* 6 *T. R.* 572.

Sayre *vs.* Craig.

The plea is bad.   It shows no performance of the covenant, or valid excuse for non-performance.

*Ashley & Watkins,* contra.

1st.  There is a material variance between the covenant, which is literally set out in the declaration, and the description of that covenant by the plaintiff, in stating his cause of action.  According to the covenant, the defendant agrees to pay the purchase money, and secure the payment thereof by delivering the bills of exchange to the plaintiff, in consideration of Sayre's agreement to convey the land to him by deed in fee simple with general warranty; but the declaration avers that the agreement of the defendant was in consideration of the sale of said land by the plaintiff to the defendant.

Request should be averred.   1 *Chit. Plead.,* ed. 1837, *p.* 362, *et seq.*

Performance should have been averred, or an offer so to perform, or a sufficient excuse for not so performing.   A mere willingness on the part of the plaintiff to perform, is no sufficient excuse for not performing.   He should have averred an offer to make the conveyance, a tender of the deed, or some act or refusal on the part of the defendant which rendered it unnecessary.   1 *Chit. Plead.,* ed. 1837, *p.* 358 *et seq.*   But this willingness to convey, which the plaintiff avers on his part, is not a willingness " to convey by deed in fee simple with general warranty," as he expressly agrees to do; and the averment is therefore insufficient.   And if this averment of a willingness to convey were sufficient, there is not coupled with it any proper averment of notice to the defendant which would be requisite in such case.   1 *Chit. Plead.* 360 *et seq.*   1 *Leigh's Nisi Prius,* ed. 1838, *p.* 690.

In most of the older cases, the courts seemed inclined to construe covenants as independent, and to give to each party his right of action; but in the more recent and better advised decisions, the rule is changed, and the courts are disposed to construe covenants to be mutual or dependant; and the reason is, to prevent vexatious litigation by circuity of action, and because irreparable injury would in many cases be done to a defendant, by compelling him to perform his cove-

nant and rely upon the personal security of the other party. 1 *East.*, 203. *Jones vs. Barclay, Doug.* 690–1. *Bank of Columbia vs. Hagner* 1 *Peters*, 455.

According to the well settled rules which are applied to the construction of covenants, the plaintiff was bound to aver a performance. *Leigh's Nisi Prius*, ed. 1838, *p.* 679, *et seq.* The consideration was executory on both sides, and no time is fixed for the performance on either side. That possession of the land was to be delivered to the defendant on a day certain, can make no difference, because possession would follow as a necessary incident to the sale. *Bank of Columbia vs. Hagner*, 1 *Peters*, 468.

The defendant's agreement forms one connected sentence, and the declaration is fatally defective, as it attempts to separate this covenant, and alleges two distinct breaches on the part of the defendant— one, that he did not pay the money; the other, that he did not deliver the bills of exchange.

Covenants are mutual and dependent, where the mutual promises go to the whole of the consideration on both sides. This principle is not affected by the decision in the case of *McPherson vs. Biscoe*, 3 *Ark.* 90; because, in that case, the conveyance was to be made on the final payment of the purchase money, which was payable in three instalments. "In contracts for the sale of land, by which one agrees to purchase and the other to convey, the undertakings of the respective parties are always dependent, unless a contrary intimation clearly appears." *Bank of Columbia vs. Hagner.* See also *Parker vs. Parmele*, 20 *J. R.* 129; *Gardiner vs. Corson*, 15 *Mass. Rep.* 471, *note and cases cited.*

*By the Court,* LACY, J.

The question here to be decided turns upon the proper construction to be put upon the covenants or promises of the respective parties to the contract in this suit. It is evident, if the covenants are dependent, that the declaration is bad; and if independent, that it is good, and the breaches well assigned. It is true, as contended, that there is a strong inclination of the courts, in modern cases, to favor the doctrine of dependent covenants, such construction being obviously most just,

and tending to prevent a multiplicity of suits. Still, where the parties by the nature and terms of their contract, clearly show that each intended to look to his own part of the agreement, and to rely upon the remedy it afforded, in such cases the performance of the covenant of the one has no reference to that of the other; and hence the courts are not at liberty, upon such mutual agreements, to make one depend upon the other, but they are bound to construe them separately, and independently of each other. The rules upon this subject are accurately stated by SERGEANT WILLIAMS, in his learned note to the case of *Pordage vs. Cole*, 1 *Saund. R.* 319, in which the English authorities are collated and reviewed. "If," says he, "a day be appointed for payment in full or in part, or for doing any other act, and the day is to happen before thing which is the consideration of the money, or the act which is to be performed, an action will lie for the money, or for not doing such other act before performance; for in such case, it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent. And so it is where no time is fixed for the performance of that which is the consideration of the money or other act. *Dyer*, 76, *a in margin.* 1 *Saek.* 177, *Thorp vs. Thorp.* 1 *Lord Raymond*, 665. 1 *Lutw.* 250. And this was the ground upon which the judgment in that case rests; for the money was to be paid in that case upon a given day, which might happen before the lands were or could be conveyed. Another rule laid down is, that where a covenant goes to only a part of the consideration, and a breach of such covenant may be had in damages, it is an independent undertaking, and an action may be maintained for a breach of the covenant, without averring performance. And in support of this rule, it is decided in the Court of King's Bench, (*East.* 17 *Geo.* 3, *Boone vs. Eyre*,) that where a party conveyed an equity of redemption to a plantation, together with a stock of negroes upon it, in consideration of a given sum and an annuity for life, and covenanted that he had good title, the breach assigned was, the non-payment of the annuity, and the plea denied that he was possessed of a valid title to the slaves, and so had no authority to convey. The plea was adjudged bad, and the Court added, if the plea were allowed, then that a failure of any part of the consideration would defeat the action.

*Campbell vs. Jones,* 6 *T. R.* 570. The reason given for the decision is, that where a person has received a part of the consideration for which he entered into the agreement, it would be unjust that, because he had not the whole, he should be permitted to enjoy the part he had without paying for it. The same doctrine is fully recognized in all the American authorities upon the point. And the reason that mutual promises will bear an action without an allegation of performance, is, that the law binds every man to perform his contract according to its true intent and effect. He makes his bargain, and relies upon the other's covenant for performance. In such case, it needs no averment of performance on either side to maintain the action. But if it appear that either party was to have the thing done before performance on the other part, then performance, or a readiness to perform, must be averred. In *Jones vs. Barkley, Douglass,* LORD MANSFIELD remarks that the dependence or independence of covenants was to be collected from the evident sense and meaning of the parties, however transposed they might be in the deed. Their precedency must depend upon the order of time in which the intent of the transaction required their performance. *Cunningham vs. Morrell,* 10 *J. R.* 204. *Robb vs. Montgomery,* 20 *J. R.* 15.

The same doctrine is established in *Gardinier vs. Cusan,* 15 *Mass. R.* 501. The application of these principles to the case now under consideration, proves conclusively that the mutual covenants of the respective parties are independent undertakings, and therefore there was no necessity to aver, in the declaration, performance or readiness to perform.

Sayre sold and agreed to convey to Craig, by deed with general warranty, a tract of land described in the covenant; and in consideration of this sale, Craig bound himself to pay the purchase money in two different instalments, the first to become due in March 1840, and the second in February, 1841; and to secure these payments, he was to deliver to Sayre bills of exchange, to be drawn by Erwin and accepted by himself, payable in New-Orleans. Possession was to be delivered to Craig upon the first of January, 1840; and the contract was entered into on the 21st of September, 1839. From these facts, it is perfectly evident that Sayre had a right to demand the bills upon the

Sayre *vs.* Craig.

execution of the contract, and that Craig had an equal simultaneous right to demand a conveyance. The right of neither depended upon the performance of a condition precedent. Craig agreed to accept and take Sayre's covenant title; and Sayre was bound to convey, and look to Craig's personal obligation alone for the purchase money, and to accept the bills of exchange, if tendered in conformity with the agreement to secure the payment of the purchase money. Their covenants were independent of each other, and each relied upon his own part of the agreement for their performance, and the respective obligations were due presently, and attached immediately upon the execution of the deed. By the terms of the contract, the money was to be paid upon a day certain, which was to happen or might happen before making the conveyance, and part of the consideration was executed by delivering possession; and both these facts bring the agreement within the operation of the rules above stated. The same principle holds good where a day certain is fixed for the payment, and no day certain fixed for the performance, which is exactly the case in the present instance. And so the point was determined in *Cunningham vs. Morrell*, 10 *J. R.* 204, and in *Thorpe vs. Thorpe*, 12 *Modern*, 455.

If these positions be true, then it follows that the declaration is good, and the breach well laid. It consists in the averment of the non-payment of the purchase money on the first instalment, when it fell due. This the plea neither admits nor denies, but seeks to avoid and bar, by alleging the payment of about a thousand dollars on the first instalment, before it was due, and the tender of bills of exchange for the residue of the purchase money due on the first instalment, and all the last, which it states was refused. This is tendering the plaintiff an immaterial matter, which he was not bound to take issue upon. The foundation of the action is the non-payment of the purchase money, and the plea is no answer to that charge. The bills of exchange to be drawn by Erwin and accepted by Craig, were intended, as expressed in the covenant, as collateral security to secure the payment of the purchase money. Sayre had a right to the bills, and Craig was bound to present them. But the cause of action arises out of the non-payment of the first instalment, and the plea, by not

3

traversing this fact, must be adjudged insufficient: consequently, the Court erred in overruling the demurrer to it.

Judgment reversed.