[No. 12350.    Department Two. — November 29, 1889.]

## M. J. DONOVAN, Administrator, et al., Respondents, v. EGBERT JUDSON, Appellant.

Contract of Sale — Independent Covenant for Purchase-money — Statute of Limitations. — An action upon an independent covenant to pay the purchase-money for land is barred in four years from the expiration of the time fixed for payment, without regard to the time of execution or tender of a conveyance. The covenant for purchase-money is independent of the conveyance, when the day of payment is to happen or may happen before the conveyance is to be executed, or where a time is fixed for payment, and no time is fixed for the conveyance.

Id. — Construction of Covenants — Intention of Parties. — The intention of the parties to make their covenants dependent or independent is to be ascertained, if possible, from the written agreement entered into between them.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Page & Eells*, for Appellant.

The covenants being independent, limitation ran from the maturity of the obligation to pay the purchase-money. (*Bruce* v. *Tillson*, 25 N. Y. 194.) The covenants were independent. (*Pordage* v. *Cole*, 1 Saund. 320; *Campbell* v. *Jones*, 6 Term Rep. 570; *Mattock* v. *Kinglake*, 10 Ad. & E. 50; *Sibthorpe* v. *Brunce*, 3 Ex. 826; *Robb* v. *Montgomery*, 20 Johns. 15; *Champion* v. *White*, 5 Cow. 509; *Morris* v. *Slater*, 1 Denio, 59; *Stone* v. *Gover*, 1 Ala. 287; *Sayer* v. *Craig*, 4 Ark. 10; *Perry* v. *Rice*, 10 Tex. 367; *Bailey* v. *Clay*, 4 Rand. 346; *Bruce* v. *Carter*, 72 N. Y. 616; *Goldsborough* v. *Orr*, 8 Wheat. 217.)

*Edward P. Cole*, and *Roger Johnson*, for Respondents.

The intention of the parties should govern in the construction of the covenants. (*Roberts* v. *Brett*, 11 H. L. Cas. 353.) The dependency of the covenants is to

be favored, unless a contrary intention clearly appears. (*Bank* v. *Hogner*, 1 Pet. 464; *Todd* v. *Summers*, 2 Gratt. 167; 44 Am. Dec. 379; *Irwin* v. *Lee*, 34 Ind. 321.) Independent covenants may become dependent by lapse of time. (*Hill* v. *Grigsby*, 35 Cal. 657; *Folsom* v. *Bartlett*, 2 Cal. 163; *Bohall* v. *Diller*, 41 Cal. 532; *Davidson* v. *Van Pelt*, 15 Wis. 342; *Smith* v. *McClusky*, 45 Barb. 611; *Irwin* v. *Lee*, 34 Ind. 321; *Beecher* v. *Conradt*, 13 N. Y. 108; 64 Am. Dec. 580; *Youmans* v. *Edgerton*, 91 N. Y. 410.)

Sharpstein, J.— The plaintiffs, who sue as the administrator with the will annexed and devisees and legatees of Margaret Dalton, deceased, allege that on the twenty-fourth day of March, 1873, said Margaret Dalton and defendant entered into an agreement in writing, by which it was mutually covenanted and agreed between them that the said Margaret Dalton should grant, transfer, and convey without encumbrances all her right, title, and interest in and to a certain piece and parcel of land in said agreement described, to the said Judson, upon his demand and payment by him to the said Margaret Dalton of the sum of twelve thousand dollars fifteen months after final judgment should have been entered in the case of *Egbert Judson* v. *Paul Malloy*, in the district court of the fourth judicial district, in and for the city and county of San Francisco, and that said Judson should pay interest thereon at the rate of nine per cent per annum until the same should be paid, from and after ninety days from the entry of said final judgment. A copy of said agreement is attached to and made a part of the complaint.

After reciting in said agreement that Margaret Dalton claimed to be the owner of said premises, and that there was litigation pending in regard to the same, which it was desirable to terminate, and said Margaret Dalton being desirous of disposing of her interest in said premises, said agreement proceeds as follows:—

"Now, therefore, in consideration of the premises hereinafter mentioned, said Margaret Dalton and said Michael Dalton, parties of the first part, hereby agree to and with the said party of the second part to execute a deed of conveyance in due form of law, in favor of the said party of the second part, of all the right, title, and interest of said Margaret Dalton, without encumbrances, in and to the premises described.

"2. In consideration of the premises, said party of the second part agrees to and with said first party to pay the said Margaret Dalton the full sum of twelve thousand dollars in United States gold coin within fifteen months after final judgment for plaintiff shall have been entered in the case of *Egbert Judson* v. *Paul Malloy et al.*, in the district court of the fourth judicial district of the state of California, in and for the city and county of San Francisco, and number 12091, and said party of the second part shall pay interest upon said sum of twelve thousand dollars, at the rate of nine per cent per year, until the same shall be paid, from and after ninety days from the entry of such final judgment. It is understood that judgment is not final while motion for a new trial or appeal is pending."

It is further alleged in the complaint that Margaret Dalton was, long prior to the execution of said agreement, and up to the time of her death, the wife of Michael Dalton; that Margaret Dalton died on the twenty-third day of June, 1873, without executing to said Judson any conveyance of said land; that final judgment in favor of said Egbert Judson was duly entered in said action of *Judson* v. *Malloy et al.*, and all litigation therein finally ended on March 27, 1873. On the eleventh day of June, 1885, the superior court of the city and county of San Francisco, sitting as a court of probate, by an order made on the petition of plaintiff Donovan, as administrator, etc., in the matter of the estate of Margaret Dalton, then pending before said court,

directed and authorized said plaintiff Donovan to make and execute a deed of said premises to said defendant, pursuant to the terms of said agreement. And thereupon said plaintiffs executed conjointly a good and sufficient deed of said premises to said defendant, who refuses to accept said deed, or any deed, or to pay said sum by him covenanted to be paid to said Margaret Dalton. Defendant, by virtue of said contract, entered into and has ever since retained the possession of said premises. Wherefore plaintiffs demand judgment, etc. This action was commenced on July 24, 1886.

The complaint was demurred to, on the ground, among others, that the cause of action was barred by sections 337, 338, and 343 of the Code of Civil Procedure.

The demurrer was overruled, and the defendant answered, pleading several defenses, among which is the plea that the cause of action is barred by the provisions of section 337 and of section 343 of the Code of Civil Procedure.

A trial was had and judgment entered in favor of plaintiffs. Defendant moved for a new trial, which was denied, and from the judgment and order denying his motion for a new trial he appeals.

The only question which we deem it necessary to consider is, Did the cause of action accrue four years before the commencement of this action? If so, it is barred by the provisions of the code pleaded by the defendant.

Counsel for respondent contended that no cause of action accrued against appellant until a conveyance of the interest of Margaret Dalton in the premises was executed to Judson; that the execution of such a conveyance was a condition precedent to the right to demand the sum which he covenanted to pay. By reference to the agreement, it will be seen that Judson agrees to pay the sum specified " within fifteen months after final judgment for plaintiff should have been en-

tered in the case of *Egbert Judson* v. *Paul Malloy et al.*"
The covenants to convey and to pay are independent
covenants. No time is fixed for the execution of the
conveyance. It might be executed before or after the
time fixed for the payment of the sum to be paid by
Judson. Had it been executed before that time, no cause
of action would have accrued for the recovery of the
money before the time fixed for its payment. No time
is fixed for the execution of the conveyance, and the
case is clearly within the rule stated by Sergeant Wil-
liams in his note to *Pordage* v. *Cole*, 1 Saund. 320, which
has been accepted in England and this country as a cor-
rect explication of the law on this question. He says:
" If a day be appointed for payment of money, or a part
of it, or for doing any other act, and the day is to
happen or *may* happen *before* the thing which is the
consideration of the money or other act is to be per-
formed, an action may be brought for the money, or for
not doing such other act *before* performance, for it ap-
pears that the party relied upon his *remedy*, and did not
intend to make the *performance* a condition precedent;
and so it is where *no time* is fixed for performance of
that which is the consideration of the money or other
act." In this case *no time* is fixed for the execution of
the conveyance which Margaret Dalton covenants to
execute to Judson. It is therefore clear that he did not
intend to make the performance of that covenant a con-
dition precedent to the payment which he covenants to
make at a specified time. In none of the many cases
in which covenants have been held to be independent
covenants were they more clearly so than in this case.

We must ascertain, if possible, the intention of the
parties from the written agreement entered into between
them. But there is nothing in the conduct of the par-
ties, as disclosed by the record before us, inconsistent
with their written agreement.

In *Morris* v. *Slater*, 1 Denio, 59, Bronson, C. J., said:

"I think the defendant has plainly agreed that he would pay the money, and trust to a remedy on the plaintiff's covenant in case the deed should not be duly delivered, and he must abide by his contract." In *Mattock* v. *Kinglake*, 10 Ad. & E. 55, Littledale, J., said: "A time being fixed for payment, and none for doing that which was the consideration for the payment, an action lies for the purchase-money, without averring performance of the consideration."

We do not doubt that a cause of action accrued in favor of Margaret Dalton, against the defendant, at the expiration of the time within which he agreed to pay her the stipulated sum specified in his covenant.

Such being the case, it is clear that the action was barred by the provisions of the code above cited, and that the court erred in its conclusions of law on the findings that it was not so barred.

The court also erred in overruling the demurrer to the complaint, for the reason that it did not state facts sufficient to constitute a cause of action.

Judgment and order reversed, and cause remanded, with directions to the court below to enter judgment for the defendant.

THORNTON, J., and McFARLAND, J., concurred.

Hearing in Bank denied.