### MICHIGAN HOME COLONY CO. v. TABOR.

(Circuit Court of Appeals, Eighth Circuit. November 17, 1905.)

#### No. 2,174.

1. WRIT OF ERROR—PRACTICE—ASSIGNMENTS OF ERROR.

The practice of filing a large number of assignments of error defeats the purpose of the rule requiring such assignments, and is not to be approved.

2. SAME—REVIEW—EFFECT OF MOTIONS FOR DIRECTED VERDICTS.

The effect of motions by both parties for direction of a verdict is to submit all issues of fact to the court, and the law impresses upon its finding so made all the incidents of a general finding by the court in a case submitted to it after waiver of a jury by the parties. In such case the only questions reviewable by an appellate court, besides the sufficiency of the pleadings to support the judgment, are whether there is any substantial evidence to support the finding and whether there was reversible error committed in the admission or rejection of evidence.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial § 400.]

3. VENDOR AND PURCHASER—CONTRACT FOR SALE OF LAND—DEPENDENT COVENANTS.

Where a written contract for the sale of land recited the payment of a sum down by the purchaser and required him to pay the remainder of the purchase money on a specified date, and further provided that on such payment being made the vendor should "on demand thereafter" cause to be executed to the purchaser "a good and sufficient deed in fee simple of the premises above described, free and clear of all legal liens and incumbrances," the covenants for payment of the purchase money and for the delivery of the deed conveying a good title were mutual and dependent, and a tender of performance by the vendor in accordance with the contract was a condition precedent to his right to maintain an action to recover the purchase money from the purchaser.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, §§ 851–861.]

**4. CONTRACT—CONSTRUCTION—PRACTICAL CONSTRUCTION BY PARTIES.**

If the literal terms of a written contract are in doubt, the practical construction placed on them by the parties will prevail.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 753.]

**5. APPEAL—REVIEW—HARMLESS ERROR—PLEADING—AMENDMENT.**

Under the settled rule that after verdict and judgment it will be presumed that facts necessary to support the judgment were proved, and in all formal and technical matters the complaint will be treated as amended to conform to the facts, granting permission to a defendant to amend a cross-petition in matter of form after a verdict in his favor thereon clearly authorized by the evidence was not prejudicial error.

In Error to the Circuit Court of the United States for the Northern District of Iowa.

The Michigan Home Colony Company, the plaintiff in error, brought this suit in the Circuit Court of the Eastern Division of the Northern District of Iowa against George W. Tabor, the defendant in error, to recover the agreed price of a tract of land situated in the state of Michigan, which plaintiff avers the defendant agreed to purchase from it. The defense was that the obligation to pay the purchase price depended upon plaintiff giving to defendant a good and sufficient deed conveying title to him in fee simple, free and clear of all legal liens and incumbrances, and that plaintiff did not have such title and could not and did not tender a deed of such title to him. The defendant, with his answer, filed a cross-petition to recover from plaintiff the sum of $400 paid to it as part of the purchase price by him at the time the preliminary agreement to purchase was made. The case was tried to a jury, and at the conclusion of all the evidence plaintiff moved the court to direct a verdict in its favor for the balance of the purchase price due, and defendant moved the court to direct a verdict in his favor for $400, the amount paid in advance for the land. The court overruled plaintiff's motion, sustained defendant's motion, and directed a verdict in favor of the defendant. A judgment was rendered accordingly. To reverse this judgment a writ of error was sued out of this court.

A. Kanneberg and F. M. Fort, for plaintiff in error.

William Graham, B. F. Thomas, and Charles M. Thomas, for defendant in error.

Before VAN DEVANTER, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge, after stating the case as above, delivered the opinion of the court.

There are 78 assignments of error in this case, but, in our opinion, very few questions presented on the record for consideration. The practice of filing such a large number of assignments cannot be approved. It thwarts the purpose sought to be subserved by the rule requiring any assignments. It points to nothing. It leaves opposing counsel and the court as much in the dark concerning what is relied on for error as if no assignments were filed.

Mr. Justice Miller, in Phillips, etc., Const. Co. v. Seymour, 91 U. S. 646, 648, 23 L. Ed. 341, says:

"The object of the rule requiring an assignment of errors is to enable the court and opposing counsel to see on what points the plaintiff's counsel intend to ask a reversal of the judgment, and to limit the discussion to those points. This practice of unlimited assignments is a perversion of the rule, defeating all its purposes, bewildering the counsel of the other side, and leaving the court to gather from a brief, often as prolix as the assignments of error, which

of the latter are really relied on. We can only try to respond to such points made by counsel as seem to be material to the judgment which we must render."

Following the practice suggested in that case, we shall endeavor to consider the questions which, in our opinion, must control the judgment in this case.

From the argument of counsel and a general consideration of the assignment of errors and the record, we believe the case turns upon three questions: (1) Is there substantial evidence to sustain the verdict as rendered? (2) Are the covenants in the preliminary agreement relating to the payment of the purchase price and the delivery of the deed dependent or independent? (3) Was the action of the trial court in permitting defendant to amend his answer after the verdict so as to conform to the proof erroneous? The agreement for the sale and purchase of the land in question was made and signed by the parties on July 10, 1902. It obligated defendant to pay $8 per acre for the tract of land described in the agreement, $400 at the date of the agreement, and the balance on March 1, 1903. The agreement then proceeds as follows:

"Second. The said party of the first part hereby agrees and binds itself, its successors and assigns, that in case the aforesaid sum of eight dollars ($8.00) per acre with interest, shall be fully paid, at the times and in the manner above specified, it will on demand, thereafter cause to be executed and delivered to the said party of the second part, or its heirs or legal representatives, a good and sufficient deed, in fee simple, of the premises above described, free and clear of all legal liens and encumbrances, except the taxes herein agreed to be paid by the party of the second part."

There is evidence tending to show that plaintiff and defendant, subsequent to the making of preliminary agreement to sell, orally agreed to consummate it by the payment of the balance of the purchase money and delivery of the deed at the city of Maquoketa, Iowa, instead of Milwaukee, as specified in the written agreement, and that plaintiff should furnish to defendant an abstract showing good title to the land, and that pursuant to this agreement the president of plaintiff corporation and the defendant met at Maquoketa on March 1, 1903; the president having with him a deed to the land and an abstract which he exhibited to the defendant as evidence of good title in plaintiff, and the defendant having with him the balance of the purchase money ready to pay over to plaintiff's president on receipt of the deed.

The rule is firmly established that when each party to a cause on trial before a jury requests a peremptory instruction in his favor, he thereby consents that the court shall find the facts on the issues joined. The law impresses upon the finding so made all the incidents of a general finding by the court in a case submitted to it after waiver of a jury by the parties. In such case the appellate court does not consider the weight of evidence. The only questions for review, besides the sufficiency of the pleadings to support the judgment, are whether there is any substantial evidence to support the finding and whether there was reversible error committed in the admission or rejection of evidence. Beuttell v. Magone, 157 U. S. 154, 157, 15 Sup. Ct. 566, 39 L. Ed. 654; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct.

481, 37 L. Ed. 373; Phenix Ins. Co. v. Kerr, 129 Fed. 723, 64 C. C. A. 251, 66 L. R. A. 569, and cases cited.

Application of this rule to the present case dispenses with any critical consideration of the weight of evidence. All we are required to do, and all which, with due regard to orderly procedure, we ought to do, is to ascertain whether there is any substantial evidence to sustain the issue joined in the pleadings and found by the verdict that plaintiff did not on March 1, 1903, have or tender to defendant a deed conveying a good and sufficient title to the land in question.

In reaching a conclusion on this issue, we have not regarded the failure to furnish an abstract showing good title as in itself, a breach of the contract of sale. The agreement to furnish the abstract was made orally some time after the written contract of sale was entered into. It was, therefore, within the statute of frauds, section 9511, Comp. Laws Mich. and possibly without consideration to support it as an enforcible agreement.

An obligation was imposed upon the plaintiff by the contract to execute and deliver to the defendant a good and sufficient deed, conveying a clear and unincumbered title in fee simple to him. In recognition of this obligation plaintiff undertook to show defendant its title, and for this purpose the abstract referred to was employed and exhibited to defendant and his counsel. Its statements are at least admissions by plaintiff touching the condition of its title, and as such was available to the defendant. There is much evidence in the record as to what the abstract disclosed, and whether what was disclosed constitutes a defect in title or an incumbrance upon the land. The evidence of witnesses and the argument of counsel present different views of this question; one that the abstract disclosed, and the other that it did not disclose, defects. Moreover, there is evidence of direct and positive admissions made by plaintiff's president on March 1, 1903, at the time and place fixed for the delivery of the deed and the payment of the purchase money, and while he was engaged in behalf of his company in performing the contract of sale in question, that he knew the title was defective and that he requested defendant to give him additional 60 or 90 days within which to clear up the title. The request, it appears, was not acceded to by defendant. The defendant was there ready and willing to close the trade and pay for the land according to the agreement if plaintiff could convey a good title. In this condition of things, plaintiff's president on March 1, 1903, tendered a deed to the defendant which the defendant refused to take or pay for. From the foregoing general résumé of the proof we satisfactorily reach the conclusion that the finding that plaintiff's title was not good, necessarily involved in the verdict as rendered, is well supported by substantial evidence.

Are the covenants of the preliminary agreement dependent or independent? The parties made a written agreement under seal, binding one of them to convey real estate to the other, and the other to pay the agreed price for it. It bound the defendant to pay a certain part of the price down and the balance on a given day, March 1, 1903; fixed the place of such payments at the home office of plaintiff at

Milwaukee and obligated the plaintiff, in consideration of defendant making the payment at the times and in the manner specified, thereafter, on demand, to execute and deliver to him a deed conveying a good, unincumbered title in fee simple to the land. We do not doubt that the obligations created by these covenants were mutual and dependent. The failure to pay the purchase money relieved plaintiff from the necessity of conveying a good title, or any title, and the failure to have a good title to convey relieved the defendant from the necessity of paying for it. The time fixed for the final performance was of the essence of the contract. Bank of Columbia v. Hagner, 1 Pet. 464, 7 L. Ed. 219.

In the last cited case the Supreme Court also declared, that courts should strongly favor that construction of contracts which makes the covenants dependent rather than independent. In dealing with facts similar to those now before us, it says:

"Admitting, then, that a contract was entered into between the parties, the inquiry arises, whether the plaintiffs have shown such a performance on their part, as will entitle them in a court of law, to sustain an action for the recovery of the purchase money. In contracts of this description, the undertakings of the respective parties are always considered dependent, unless a contrary intention clearly appears. A different construction would, in many cases, lead to the greatest injustice, and a purchaser might have payment of the consideration money enforced upon him, and yet be disabled from procuring the property for which he paid it. * * * The seller ought not to be compelled to part with his property, without receiving the consideration; nor the purchaser to part with his money, without an equivalent in return. Hence, in such cases, if either a vendor or vendee wish to compel the other to fulfill his contract, he must make his part of the agreement precedent, and cannot proceed against the other, without an actual performance of the agreement, on his part, or a tender and refusal."

To the same effect are Phillips, etc., Const. Co. v. Seymour, 91 U. S. 647, 650, 23 L. Ed. 341; Telfener v. Russ, 162 U. S. 170, 180, 16 Sup. Ct. 695, 40 L. Ed. 930; Kelsey v. Crowther, 162 U. S. 405, 409, 16 Sup. Ct. 808, 40 L. Ed. 1017; Coughran v. Bigelow, 164 U. S. 301, 310, 17 Sup. Ct. 117, 41 L. Ed. 442; Glenn v. Rossler, 156 N. Y. 161, 50 N. E. 785; Ewing v. Wightman, 167 N. Y. 107, 60 N. E. 322; Hill v. Grigsby, 35 Cal. 656; Englander v. Rogers, 41 Cal. 420; Martin v. Roberts (Iowa) 102 N. W. 1126; Webb v. Hancher (Iowa) 102 N. W. 1127.

Counsel for plaintiff, in support of their contention, rely upon Loud v. Pomona Water Co., 153 U. S. 564, 14 Sup. Ct. 928, 38 L. Ed. 822; but that case, when carefully considered, is found to be an application of the familiar rule that the intention of the parties, when properly ascertained, must govern in determining the character of their covenants, whether they be dependent or independent. The court there held that the agreement of the parties clearly evinced an intention that the purchaser should first pay the purchase price of the lands before he would be entitled to demand a conveyance thereof. That case involved no question of the sufficiency of the title. The only obligation imposed by the preliminary contract upon the seller was that after the several installments of purchase price should be paid, and after the other covenants of the agreement should be performed,

he, the seller, should convey the real estate therein described "by deed of grant, bargain and sale" to the purchaser. In that case the purchaser agreed to take a deed of grant, bargain, and sale; that is, to take the seller's warranty of title, as his protection. In this case the seller agreed that the deed executed by it should be one which would convey a fee simple title free and clear of all incumbrances. Here is found no reliance upon the seller's warranty, if indeed any is fairly contemplated by the agreement; but the purchaser's protection rests upon the actual performance of the condition upon which the agreement to purchase was made. In this case, for the purposes of the present question, it must be assumed that the seller did not have a good title and was not able to deliver the deed called for by the contract on the day fixed for performance. We cannot, in the light of reason or authority, require a purchaser of a good title to land to pay the agreed purchase price when it turns out that the seller has no title and cannot make a deed according to the requirements of the contract of sale. Reliance upon the courts for legal redress would be an unsatisfactory substitute for a good and sufficient deed in hand.

There is another strong argument in support of the view we take of this case, and that is the practical construction which the parties put upon the terms of their contract. The evidence shows, without contradiction, that the parties, by mutual agreement, after having substituted Maquoketa, Iowa, for Milwaukee, as the place of performance, met there on March 1, 1903, the day fixed for performance; that the president of plaintiff corporation had with him, and tendered to defendant, a deed and abstract of title to the land in controversy; and that the defendant had with him the money, ready to pay in the event title was shown. It obviously did not occur to either of them that any view of the contract required defendant to pay the purchase price unless plaintiff could and did simultaneously give him a deed to the land. These facts, without more, show that the parties construed the covenants of their contract to be mutual and dependent. If the literal meaning of the covenants in question were in doubt, the practical construction which was put upon them by the parties must prevail. District of Columbia v. Gallaher, 124 U. S. 505, 510, 8 Sup. Ct. 585, 31 L. Ed. 526; Long-Bell Lumber Co. v. Stump, 30 C. C. A. 266, 86 Fed. 574, and cases cited.

There are many assignments of error predicated on the action of the trial court in overruling plaintiff's motion for a new trial and in arrest of judgment, in permitting the defendant to amend his cross-petition to conform to the proof, and in overruling plaintiff's demurrer and motion to strike out the amended cross-petition. We have given them all sufficient consideration to get at the substance of the difficulty suggested. It seems that defendant, in his original answer, embodied as a "second division," so called, a cross-petition to recover back from plaintiff the $400 paid to it at the date of the execution and delivery of the contract of purchase as a part of the purchase price. Without entering into a detailed consideration of the original cross-petition, it may be admitted that it was technically de-

fective in not setting forth, with sufficient syllogistic accuracy, the right of the defendant to recover back the $400; but the substance of the right clearly appeared. In fact, the right followed as a necessary consequence from the plaintiff's failure to recover the balance of the purchase price sued for by it. It has been repeatedly held by this court that after verdict and judgment it will be presumed that facts necessary to support the judgment were proved, and in all formal and technical matters the complaint will be treated as amended to conform to the facts. Keener v. Baker, 93 Fed. 377, 35 C. C. A. 350; Haley v. Kilpatrick, 104 Fed. 647, 44 C. C. A. 102; Mine and Smelter Supply Co. v. Parke & Lacy Co., 107 Fed. 881, 47 C. C. A. 34.

Whether the cross-petition was properly amended or not is quite immaterial. If it were not amended, the law would treat it so, and, if it were amended, it would be but an expression of the law applicable to the situation. Moreover, dealing with the substance rather than the form of things, it is apparent that the plaintiff was not prejudicially affected by the amendment to the defendant's cross-petition. The right of such recovery conclusively appeared from the fact that the plaintiff could not recover the balance of the purchase price. The reason why complainant was not allowed to recover the balance of the purchase price, as already seen, was because it was unable to make or tender a good and sufficient deed conveying the lands to the defendant in fee simple, free and clear from incumbrances. For that very reason the payment of the $400 by the defendant to the plaintiff on account of the purchase price was without any consideration and was clearly recoverable by defendant. There was, therefore, no prejudicial error in anything which the court did in the way of overruling demurrers to the amended cross-petition, refusing to strike out the amendment, or rendering judgment on the verdict. The judgment as rendered on the cross-petition was clearly right.

As observed in the fore part of this opinion, we have not undertaken to follow and treat separately the different assignments of error filed, but we have sought, from a consideration of all of them, to arrive at the crucial questions affecting the substantial rights of the parties. While we have not, in this opinion, referred to any of them specifically, or to many of the arguments of counsel with respect to them, we believe we have considered all the substantial questions involved in the case. From this we are brought to the conclusion that no prejudicial error was committed by the trial court.

The judgment is therefore affirmed.