## SOOTER v. JANES.

No. 6530.    Opinion Filed April 18. 1916.

(157 Pac. 282.)

1. **VENDOR AND PURCHASER—Remedies of Vendor—Action for Price—Conditions Precedent.** Where it appears from a contract for the sale of land that it was the intention of the parties that the payment of the purchase price should precede the delivery of a deed, or that time for payment was fixed, and no time for conveyance, the covenant to pay and the covenant to convey are independent, and an offer to convey or tender before suit is not required.

2. **SAME—Direction of Verdict.** Evidence examined, and **held** insufficient to take case to jury.

(Syllabus by Day, C.)

*Error from District Court, Major County;*

*J. W. Steen, Judge.*

Action by Grant Janes against Grant Sooter. Judgment for plaintiff, and defendant brings error. Affirmed.

*F. E. Chappell,* for plaintiff in error.

*John V. Roberts,* for defendant in error.

Opinion by DAY, C.   Grant Janes, as payee, commenced this action in the trial court against Grant Sooter, as maker, of a promissory note. Plaintiff's petition contains the usual and necessary allegations, and defendant answers, admitting the execution of the note sued on, but alleges that same was executed in consideration of the purchase of an undivided one-half interest in certain land (therein described), and that plaintiff refused and failed to convey same to defendant, but took possession thereof, and has ever since held same and denied defendant's right therein, and that by reason of said facts the consideration

for said note wholly failed. To which answer plaintiff files reply, admitting that the note sued on was executed for the purchase money of the property described in the answer, but denies that he has wholly failed and refused to convey said property to defendant, but alleges he has been ready and willing at all times to make conveyance upon the payment of said note, and tenders a deed to the property into court to be delivered to defendant when said note is paid, and further alleges that at the time of the execution of the note plaintiff and defendant entered into a written contract setting out the terms of purchase and exhibits and makes same part of his reply, which contract is as follows:

"This contract made and entered into this twenty-fifth. day of February, A. D. 1910, by and between Grant Janes, hereinafter designated in this contract as the party of the first part, and Grant Sooter, hereinafter designated in this contract as the party of the second part, witnesseth that the first party hereto has purchased and is now the owner of lot three (3), block three (3), in Normandy, a suburb of the city of Enid, Oklahoma. The legal title is held by Grant Janes, who has paid the full purchase price for the same of $2,700.00. And whereas, the party of the first part has sold to the party of the second part an undivided one-half interest therein, agreeing to take the note of the party of the second part for the sum of $1,350.00, due in twelve months from date, without interest.

"In consideration of the sale of one-half interest to the property by the party of the first part to the party of the second part, as hereinafter provided, the party of the second part guarantees to the party of the first part a profit of 10 per cent. on his entire investment of $2,700.00; also agrees to an equal division of all the profit resulting from a sale. It is further mutually agreed between the parties that neither shall charge the other a commission on the

sale or sales of said property, and that all moneys derived from sales of said property which would otherwise go to the party of the second part shall be held and retained by the party of the first part and applied on the said purchase price of $2,700.00, thereafter the remaining balance to be divided equally."

At the conclusion of the evidence, at the direction of the court, the jury returned its verdict for plaintiff in the amount sued for, and judgment was entered thereon, to reverse which this proceeding in error is prosecuted.

Plaintiff did not offer to convey nor tender a deed before bringing suit upon the purchase note, and defendant contends that, having failed to do either, the action was premature, and relies chiefly upon the case of *Dubois v. Andrews,* 57 Okla. 227, 152 Pac. 440, to sustain his contention.

The contract in the instant case provides for the payment of the purchase note within a year, but fixes no time for conveyance, nor does it provide for a conveyance at all. Assuming that there is an implied covenant to convey, a fair construction of the contract would indicate that the intention of the parties was that payment should precede conveyance. If, then, that was the intention of the parties, the covenant to pay and the implied covenant to convey were independent, and an offer to convey or tender before suit was not necessary. *Battey v. Beebe,* 22 Kan. 81; 39 Cyc. 1985; Warvelle on Vendors (2d Ed.) sec. 900; *Broughton v. Mitchell,* 64 Ala. 210; *Foley v. Dwyer,* 122 Mich. 587, 81 N. W. 569. And again, the time for payment being fixed and no time for conveyance, it is clear that the covenant to pay and the covenant to convey were independent, and not dependent and concurrent. It would,

then, therefore follow that an offer to convey or tender was not a condition precedent to action. 29 Cyc. 1300; *McRaven v. Crisler*, 53 Miss. 542; *Sayre v. Craig*, 4 Ark. 10, 37 Am. Dec. 757; 39 Cyc. 1906.

In the Dubois Case, *supra*, the contract provided that the conveyance should be made upon payment of the purchase notes, the covenants to pay and to convey thereby being mutual and dependent, and the court correctly held an offer to convey or tender was a condition precedent to suit.

Defendant further contends that there was sufficient evidence to take the case to the jury. We have carefully examined the record, and cannot agree with this contention. There was no proof of a rescission of the contract; neither was there sufficient proof of abandonment.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.