## No. 11,463.

### GILLETT v. CHEAIRS.

Decided February 8, 1926.

Action on promissory note. Judgment for plaintiff.

### *Reversed.*

1. BILLS AND NOTES—*Promissory Note—Consideration.* An agreement to convey land is a sufficient consideration for a promissory note.

2. *Promissory Note—Defense—Partial Failure of Consideration.* Partial failure of consideration is not a defense to an action on a promissory note except pro tanto.

3. PLEADING—*Promissory Note—Defense.* In an action on a promissory note, answer and cross-complaint held to state facts sufficient, if true, to entitle defendant to some relief, and demurrer thereto improperly sustained.

4. VENDOR AND PURCHASER—*Deed—Tender.* Under a contract for sale and purchase of land providing there shall be no conveyance unless payment is first made, the vendor may maintain an action on a promissory note given in part payment of the purchase price without tendering a deed.

5. *Defective Title—Promissory Note—Payment.* Under a contract for the sale and purchase of land, a vendor who is wholly unable to convey and has no title, cannot compel payment of a promissory note given in part payment of the purchase price of the property, but having delivered possession, he is, in equity entitled to protection.

6. *Title—Defective—Correction.* Under a contract for sale and purchase of land, the vendor may perfect the title even after an action begun involving rescission on the ground of defective or no title.

7. PRACTICE AND PROCEDURE—*Equity—Vendor and Purchaser.* In an action on a promissory note given in part payment for land, and defendant setting up partial failure of consideration based on defective title, the procedure is prescribed for the protection of both parties.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Messrs. MUNSON & JONES, for plaintiff in error.

Messrs. COEN & SAUTER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

SALLIE J. CHEAIRS brought suit against E. M. Gillett on a promissory note for $4,000. Her demurrer to the amended answer and cross-complaint was sustained; he stood by his pleading; judgment went against him and he brings error.

The answer shows that on April 25, 1919, the plaintiff and defendant entered into a contract as follows: "Ar-

ticles of Agreement   *   *   *   between Sallie J. Cheairs
*   *   *   of the first part and E. M. Gillett of the second
part:

"Witnesseth, That if the party of the second part shall
first make the payments and perform the covenants
hereinafter mentioned on his part to be made and per-
formed, the said party of the first part hereby covenants
and agrees to convey to the said party of the second part,
in fee simple, by good and sufficient warranty deed to the
following lot, piece or parcel of ground, viz:" (here fol-
lows description). "Said premises to be free and clear
of all liens, incumbrances and taxes except taxes for the
year 1919 and thereafter.

"And the said party of the second part hereby cove-
nants and agrees to pay to the said party of the first
part, the sum of 4,800 dollars in the manner following:
Cash $800, the receipt of which is hereby confessed and
acknowledged; $4,000 on or before three years from date
of this contract. The deferred payment being evidenced
by a promissory note given by the second party unto the
first party bearing interest at the rate of six per cent
per annum from date until paid, with interest upon the
back payments at the rate of six per cent per annum
from date until paid, and to pay all taxes, assessments
or impositions that may be legally levied or imposed upon
said lot."

The contract further provides for forfeiture for non-
payment at the election of the first party; also, "that the
time of payment shall be an essential part of this con-
tract"; and that the defendant upon forfeiture shall sur-
render possession.

The answer further states that defendant executed the
note in suit pursuant to the contract; that there are cer-
tain incumbrances against the said land; and that plain-
tiff never had a fee title in the land or any title other
than mere color of title, and consequently there was no
consideration for his contract; that he has paid the eight

hundred dollars and stands ready to account for issues and profits while he has had possession, and he prays for rescission and the recovery of the $800.

The defense of no consideration will not avail, because plaintiff's agreement was sufficient consideration, and because possession was delivered and held by the defendant for five years or thereabouts; consequently the case is not one of no consideration, but of partial failure of consideration, which is not a defense to a promissory note (13 C. J. 368; except pro tanto, C. L. § 3845); however, assuming, as we must, all the answer to be true, we think that the answer and cross-complaint stated facts sufficient to entitle the defendant to some relief. At common law he must have gone into a court of equity for such relief, but under the Code that is not necessary.

The plaintiff in error is wrong in his idea that this is a suit for specific performance. It is a plain suit at law.

We agree with the defendant in error that the covenant to pay and the covenant to convey are, under the terms of this contract, independent covenants. That is true because the contract provides for no conveyance unless the payment shall first be made. It follows that the plaintiff may maintain an action without tendering a deed. This conclusion is reinforced by the fact that a note is given payable at a fixed time without condition or qualification, and no time is fixed for the conveyance. *Loud v. Pomona Land & Water Co.,* 153 U. S. 564 (Mich.), 14 Sup. Ct. 928, 38 L. Ed. 822; *Donovan v. Judson,* 81 Cal. 334, 22 Pac. 682, 6 L. R. A. 591; *Sooter v. Janes,* 57 Okl. 368, 157 Pac. 282.

The above cited cases are clear on the proposition that where the agreements to pay and to convey are independent, the vendor may recover without tender of conveyance, but the present case presents the question whether a vendor who is wholly unable to convey and has no title, can compel payment notwithstanding. We do not think he can, but that in equity he is entitled to

protection. Gillett cannot have rescission because of his long and unconscionable delay. He himself has set up that upon the filing of his answer the plaintiff began proceedings to perfect her title and there is no charge against her good faith. The vendor may perfect title even after suit begun. 25 R. C. L. 275; *Reformed, etc., Church v. Mott,* 7 Paige (N. Y.) 77, 32 Am. Dec. 613. She, therefore, is entitled to protection in equity. The case is controlled by *Loud v. Pomona Co., supra.* In that case, however, though it was held that the plaintiff need not convey or tender conveyance before suit, it was said that "the allegation of its readiness and willingness to convey, upon payment of the purchase money, was sufficient," and after the judgment it was ordered that execution be stayed until thirty days after the plaintiff had deposited with the clerk of the court for the benefit of the vendee all the deeds to the lands and certificates of stock so that defendant may have an opportunity of examining the same to see if the titles are perfect. This judgment and order was affirmed and this was done under the Michigan common law practice. Much more may we do it with our privilege of equitable defenses.

This case is much like *Michigan Home Colony Co. v. Tabor,* 141 Fed. 332, 72 C. C. A. 480, which distinguishes *Loud v. Pomona Co.,* but we are not wholly satisfied with the distinction. Defendant in error cites *Heaton v. Nelson,* 69 Colo. 320, 194 Pac. 614. In that case, however, the contract to pay and that to convey were definitely dependent because the conveyance was to be *"upon* payment," not *after* payment as in *Loud v. Pomona,* nor if payment is *first* made as herein. *Allison v. Schuber,* 74 Colo. 545, 223 Pac. 53, turned wholly on the failure to deliver the abstract within a reasonable time, and the point that it must be delivered in time for examination before the first installment was due; that is, in that case the contracts to pay and convey were independent but the contract to pay was dependent on delivery of the abstract.

We think the demurrer should be overruled; that when the issues are made up, if the trial establishes the facts alleged in the pleadings, judgment should go against the defendant for the amount of the note, and execution be stayed as in *Loud v. Pomona Co., supra,* or some other equitable method should be devised to protect both parties as the court may deem proper. If title cannot be perfected such accounting should be had as shall, under the evidence, be just and equitable.

Judgment reversed with directions to proceed in accordance with the opinion. The costs in this court will be divided equally between the parties.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.