34 P.(2d) 1086

POTTER v. CONNOR.

No. 3915.

Supreme Court of New Mexico.

July 30, 1934.

John R. Brand, of Hobbs, and G. L. Reese, Jr., of Carlsbad, for appellant.

Neal & Neal, of Lovington, for appellee.

WATSON, Chief Justice.

In October, 1930, defendant, appellee here, entered into a contract with one Chesher for the purchase of real property, receiving immediate possession. The agreement was embodied in a written memorandum and in a promissory note, the two bearing even date and each referring to the other. The consideration of the contract, and the principal sum of the note, was $22,500, maturing in forty-five monthly installments of $500 each; the first becoming due November 1, 1930. Provision was made for the maturing of all installments for default in any, at the vendor's election. Chesher was to convey, with full covenants of warranty, "on receiving the full and final payment."

In March, 1933, plaintiff, appellant here, filed his supplemental complaint upon the note, which he exhibited, alleging ownership by indorsement in blank and delivery, nonpayment of any except the first installment, and an election to mature the whole.

The answer admits execution of the note. It alleges that it was given as an inseparable part of the contract of purchase, which is exhibited.

A first defense by way of new matter sets up that the subject-matter of the contract was community property of Chesher and wife; that the wife failed to sign the contract; wherefore the contract was void and the note without consideration.

A second defense by way of new matter sets up that Chesher, the vendor, had placed it beyond his power to perform by conveying to "another person," and that such act was an abandonment and a breach relieving and releasing defendant from performance of the contract and from payment of the note.

A third defense by way of new matter requires no notice. The prayer is that plaintiff take nothing and that defendant have judgment dissolving attachment and for costs.

The reply admits that the note is a part of the transaction represented by the contract; admits that Chesher's wife did not sign the contract; admits that Chesher and wife had conveyed the property to plaintiff and that plaintiff now holds legal title; alleges that defendant went into immediate possession, which has not been disturbed and which he now retains; and alleges that plaintiff is ready, able, and willing to convey to defendant and that plaintff "hereby tenders into court by depositing with the clerk of court herewith said deed."

The conveyance appears to be the ordinary form of warranty deed, running from plaintiff and his wife to defendant. As the record shows, it was filed with the clerk April 5, 1933; the reply having been filed the next day.

On April 6, 1933, defendant filed a motion to strike the reply and a motion for judgment on the pleadings. There was no ruling on the first-mentioned motion. The second mentioned was found "well taken," and judgment was "rendered in favor of the defendant, upon the issues joined in the pleading."

The judgment recites: "Upon calling the case for trial the defendant moved to strike the reply of the plaintiff upon the grounds shown in his motion filed herein, said reply having been filed about the hour of eleven o'clock A. M., of said date, and the court withheld a ruling upon said motion and thereupon the defendant interposed a motion for judgment upon the pleadings, said motion being filed herein, and after the filing of said motion the plaintiff tendered into court the warranty deed described in his said reply, which tender was objected to by the defendant on the ground that the deed had not been filed with the Clerk at the time of the filing of the reply, and which objection was overruled, and thereupon the plaintiff joined in a motion for judgment on the pleadings, praying for judgment in favor of the plaintiff."

Did the court err in rendering this judgment for defendant on the pleadings?

There was no merit in the defense that the contract was void and the note without consideration because of the failure of Mrs. Chesher to join as a contracting party. Conley v. Davidson, 35 N. M. 173, 291 P. 489.

Granting, though not deciding, that the contract entitled appellee to a deed direct from Chesher, the vendor; that the tender of a deed by appellant did not satisfy the contract; and that the vendor's conveyance to appellant was a breach of the contract: How do these matters support the judgment?

At the most they give rise to an option on the part of appellee to rescind the contract, recover the $500 payment made, and have damages for the breach. This right he has

not asserted. So long as he affirms the contract by holding possession, he waives the breach and must accept good title tendered by appellant.

So the defenses by way of new matter, if the alleged facts be true, fail to support appellee in resisting liability on the note.

The first ground of the motion was "that this action was prematurely brought, and that no tender of a deed was made to the defendant herein before the filing of this suit." Appellant says that this was undoubtedly the basis of the decision. He urges that the court erroneously considered the covenant to pay and the covenant to convey as so dependent that suit for the purchase money could not be entertained unless the complaint alleged tender of conveyance.

After considerable labor on this difficult question of law, we have concluded that this decision should be made regardless of it. We shall assume, favorably to appellee, that the promise to pay, as respects the last installment, and the promise to convey were so-called dependent covenants; that appellee could not be made to pay without conveyance or tender of it; and that in such a case the complaint should allege such tender.

Still the point goes only to the prematurity of suit. It does not deny a potential cause of action. It merely points out a condition precedent not complied with. It might have served to abate the present action. We do not see how it could support a judgment on the pleadings.

Granting that failure to tender conveyance before suit would have been good ground for plea in abatement or for demurrer, it does not follow that it is proper matter for inclusion in the answer in bar. Indeed, it was not pleaded in bar, or pleaded at all. It first appears in the motion for judgment, and then after appellant by his reply had alleged a readiness, willingness, and ability to convey and a tender of conveyance by deposit in court. The time to plead in abatement or to demur had then long passed. Comp. St. 1929, § 105-408.

At that stage we consider that appellee could no longer urge the technical objection of pleading. He was put to an acceptance of the tender or to some objection other than that it came too late. The civil action of the Code is not so inelastic that the court could not so have conditioned a judgment for the purchase money as to protect appellee in his right to obtain title concurrently. Cf. Gillett v. Cheairs, 79 Colo. 20, 243 P. 1112; Noyes v. Brown, 142 Minn. 211, 171 N. W. 803.

In reaching this conclusion we perhaps carry the argument farther than counsel have done. We adhere, however, to the main point that the court erred in rendering the judgment on the pleadings. The inherent infirmity of that judgment strikes us forcibly. The main purpose of litigation is, of course, to adjust the rights of the parties. This judgment obviously fails to reach that end.

Admittedly appellee has been in default almost from the beginning. Appellant, now legal owner of the property, could have rescinded the contract and have dispossessed appel-

lee. He has chosen to affirm it by suing for the purchase price. On the other hand, according to our assumption, Chesher, the vendor, committed a breach by conveying the property to appellant. So appellee could have rescinded the contract. This he did not elect to do. He has not restored possession or offered to restore it. He has assumed an attitude purely defensive to the demand for the purchase money. So long as both parties affirm the contract, appellant should have the purchase money and appellee should have the title. This judgment denies appellant the purchase money, makes no progress as to the title, and leaves appellee in possession. It is impossible as a final adjudication of rights. If judgment was to go upon the pleadings, it should have been for the other party.

■ Appellee urges that the reply is a departure in pleading, and that the result just forecast is to permit recovery on the allegations of the reply rather than on those of the complaint. He cites Thayer v. Denver & R. G. R. Co., 21 N. M. 330, 154 P. 691, and Franklin v. Harper, 32 N. M. 108, 252 P. 170.

We are not impressed with the contention. The allegation of the reply that appellant was able, willing, and ready to convey, and thereby tendered conveyance, is in no wise inconsistent with anything in the complaint. It simply meets appellee's allegation that Chesher, the vendor, had put it out of his power to perform by conveying "to another person." It says, "I am that other person, and I stand ready to convey." Whether it sufficiently met the allegation, as matter of law, we need not determine, for reasons already disclosed. Its purpose is plain.

When the reply was filed, the necessity of tendering deed had not become a question in the case. If such question had been timely presented, it would perhaps not have been sufficiently met by an allegation of tender after suit brought. We do not hold that appellant may recover because of the tender alleged in the reply. We hold that he may recover in the absence of timely tender, because appellee failed to raise the question of tender while it would have been possible yet to supply the omitted allegation. The theory of recovery is the liability originally sued on. The result would have been the same without the allegation of tender made in the reply. On the motion for judgment on the pleadings, the court would have been well within the proprieties in requiring appellant to make the tender as a condition of overruling the motion.

■ Persuaded that on the present record judgment went for the wrong party, there must be a reversal. It does not follow that we should enter or direct entry of judgment for appellant. We deem it wise to leave the trial court a free hand, to the end that the rights of the parties may be completely adjusted in this case, if possible. Cf. In re Keel's Estate (On motion for rehearing), 37 N. M. 573, 25 P.(2d) 808; Gonzales v. Rivera (On rehearing), 37 N. M. 567, 25 P.(2d) 805; Ortega v. Ortega (Rehearing), 33 N. M. 610, 273 P. 926; State ex rel. Bujac v. District Court, 28 N. M. 28, 205 P. 716.

·. The judgment will be reversed. The cause will be remanded, with a direction to vacate the judgment, to overrule appellee's motion for judgment on the pleadings, and to proceed conformably hereto. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.