## No. 10,664.

## ALLISON v. SCHUBER.

Decided February 4, 1924.

Action for money had and received.    Judgment for plaintiff.

### *Affirmed.*

1. CONTRACT—*Construction*—*Abstract of Title.*  A contract for the sale of real property in which the seller agreed to convey title when the purchaser performed his part of the contract and to furnish abstract construed to mean that the abstract was to be furnished before further payment was made.

2. ACTIONS—*Money Demand.*   The vendor of real property upon receipt of an initial payment, executed a contract in which she agreed to furnish an abstract of title, and convey the property on payment of the balance of the purchase price.   No abstract was furnished, the purchaser declined to make further payment and demanded the return of his money.   Held, that an action by the purchaser for money had and received, was the proper one.

*Error to the District Court of Cheyenne County, Hon. Arthur Cornforth, Judge.*

Messrs. STOW & STOVER, for plaintiff in error.

Mr. A. E. BOWE, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

SCHUBER, plaintiff below, had judgment against Jennie E. Allison for $500.   She brings error.

The complaint, which was filed July 29, 1921, was in the ordinary simple form for money had and received.   The answer was a general denial.   The evidence showed that on the 19th of July, 1920, the plaintiff gave defendant $500, and she gave him a contract in writing which con-

tained the following: "That said seller (Allison) has sold and does hereby agree to convey or cause to be conveyed in fee simple unto said purchaser (Schuber) ———— heirs and assigns, by warranty deed, when payment by said purchaser of the consideration hereinafter stated and the covenants herein contained on the part of said purchaser shall have been fully made and performed, and this contract surrendered to seller, the following described real estate" (here follows description) "according to government survey, and furnish an abstract, certified to date by a competent abstracter, showing good merchantable title in the record owner of said real estate."

Then follows a covenant by the purchaser to pay for the land in instalments, of which the first, $1,500, was payable on March 1st, 1921; then, "If the purchaser shall find defects in the title to said premises, as shown by said contract, he shall furnish a written statement of his requirements, and the seller shall have a reasonable time, not exceeding 30 days, to comply with same and make title merchantable." Then follow provisions for forfeiture.upon default.

The following words: "Seller to furnish purchaser an abstract of title by October 1st, 1920," are erased by a line drawn through them. No abstract was ever furnished and the $500 was never repaid, although plaintiff demanded its return. The court refused to let the defendant show that the plaintiff had never tendered the $1500, or any other payment.

The plaintiff in error claims that that part of the contract above quoted, expressly provides that she shall furnish an abstract only when payments and covenants shall have been fully made and performed. The grammatical form of the contract admits that construction, and the erasure above mentioned tends to support it; that support, however, is very slight and the construction is unconscionable and absurd. The only purpose of the abstract is to let the purchaser know whether his payments can be safely made. The reasonable construction is that the abstract was to be furnished within a reasonable time, and that

means at least early enough to permit examination before the $1,500 payment. This position is fortified by the clause concerning correction of defects.

The result of this is that defendant had $500 of the plaintiff's money in her possession. An action for money had and received was exactly the right action. The form of the complaint was correct and commendable, much better than a more detailed statement.

It follows that the failure of the plaintiff to make further payments was immaterial, and that the evidence on that point was rightly rejected.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.