No. 16,469.

BRIDGES *v.* INGRAM ET AL.

(223 P. [2d] 1051)

Decided October 30, 1950.

502

Mr. Irving L. Greenwald, Mr. Hyman Berman, for plaintiff in error.

Mr. David H. Morris, Mr. Thomas A. Gilliam, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

We will hereinafter refer to the parties as they appeared in the trial court, where plaintiff in error was plaintiff, and defendants in error were defendants.

The pertinent allegations of plaintiff's complaint are: "That at Denver, Colorado, on or about the 5th day of June, 1949, the defendants had and received moneys of the plaintiff and one, Harold B. Bates, to and for the use and benefit of said plaintiff and said Harold B. Bates, in the sum of Five Hundred Dollars. That on or about July 16, 1949, the said Harold B. Bates assigned his claim and rights to said moneys to the plaintiff herein." The prayer of the complaint was for judgment for the sum of five hundred dollars and interest thereon from June 5, 1949, to date of judgment, and for costs.

Defendants filed their answer, which consisted of a general denial; and a second and further defense, in

which it was alleged that the plaintiff and one Bates entered into a written contract for the purchase of real estate located in Denver, and that pursuant to said contract, plaintiff paid five hundred dollars as a deposit; that shortly after the execution of said written contract plaintiff informed defendants that she did not intend to complete the purchase of said real estate; that plaintiff repudiated and refused to carry out the terms and conditions of the contract, and under the terms of the forfeiture clause, which was a part of the written contract, the defendants were entitled to keep the five hundred dollars as liquidated damages. Upon these pleadings the cause proceeded to trial to the court.

Plaintiff was called as a witness and testified that she entered into a contract with defendants for the purchase of certain real estate. Thereupon Exhibit A, the contract, was identified by plaintiff as the contract upon which she had made a deposit of five hundred dollars. The contract was offered in evidence and the attorney for defendants objected to its admission, "On the ground that there is a variance between the evidence and the allegations of the complaint. In other words, it now appears that the plaintiff is seeking to recover, if anything, under a written contract and not under money had and received." The court sustained the objection stating, "Certainly there is nothing about this complaint that would permit recovery under a contract." The attorney for plaintiff then stated, "We will reframe the complaint if that is what counsel wants." Attorney for defendants moved for a dismissal of the action, with prejudice. The court granted the motion, stating:

"The complaint can not be amended at this time to an action on breach of contract. The defendants could not possibly meet for trial today the allegations of breach of this instrument such as that it was not approved in writing within two days or that the title was not merchantable, etc.

\* \* \*

"With that motion now before the Court on the state of the record, the Court will grant the motion and will dictate this into the record:

"It appears now from the opening statement of counsel and from the offer of proof and from the motion to amend that counsel now wishes to change his cause of action from one of Money Had and Received to one of breach of the contract marked Exhibit A and offered as evidence herein. The Court is of the opinion that such an amendment changes the entire character of the cause of action, is not met by the pleadings, could not be so met, and is so different from the cause of action set forth in the complaint that the defendants could not reasonably be expected to defend the same.

"Accordingly, it appearing plain now from the admissions of counsel and the efforts to amend that this cause of action is on a contract and the breach thereof, and that there was no promise to repay the money, as alleged in paragraph 3 of the complaint, other than as set forth in the written agreement, and counsel for the defendants having moved the Court that the complaint be dismissed, the motion is granted."

Judgment was entered accordingly, and plaintiff seeks reversal by writ of error.

The question presented for determination is: *In an action for money had and received, can a plaintiff recover money deposited upon a written contract for the purchase of real estate, which contract contains provisions providing for return of said deposit upon default of seller, and for forfeiture thereof upon default of the buyer, or must the plaintiff rely exclusively upon the express contract and bring an action for breach thereof?*

We answer the question with the statement that, where an express contract, under which one has paid money, has been breached by the party to whom the money was paid, and under the terms of the said contract a refund of the money is due, the party making the payment may recover the same in an action for

money had and received. The provisions of the contract become evidence bearing upon the question whether the defendant has received money which in equity and good conscience he ought to pay over to the plaintiff. *Spencer v. Brundage,* 69 Colo. 520, 194 Pac. 1104.

Even before the adoption of our rules of civil procedure, we held in *Allison v. Schuber,* 74 Colo. 545, 223 Pac. 53, that a complaint in the simple form for money had and received "was exactly the right action" to afford relief to a plaintiff under circumstances almost identical with those present in the case at bar, and we therein stated: "The result of this is that defendant had $500 of the plaintiff's money in her possession. An action for money had and received was exactly the right action. The form of the complaint was correct and commendable, much better than a more detailed statement."

The rule which we adopted in this jurisdiction by our decision in the Allison case is well stated in an annotation appearing in L.R.A. 1918 E, at page 781, under the heading: "Action for money had and received as proper remedy to recover damages for breach of contract," as follows: "The rule is that, where a breach of a contract is of sufficient consequence to entitle a party thereto to rescind the contract, he may resort to this remedy and, in an action for money had and received, recover what he has paid under the contract."

If we were now operating our judicial system under the same code provision which was in effect at the time of the decision in *Allison v. Schuber, supra,* we might re-examine the holding in that case and reconsider the numerous authorities from the several states upon the question, which seem to be in irreconcilable conflict. We are fully satisfied that the application of pertinent provisions of our rules of civil procedure to this cause removes any and all doubt which might have existed under the former practice, as to whether the rule announced in the Allison case should be followed.

Rule 1 C(a) provides, inter alia, that the rules "shall

be liberally construed to secure the just, speedy, and inexpensive determination of every action." Rule 8 C(a) provides that a pleading setting forth a claim for relief shall contain, "(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief to which he deems himself entitled." Rule 8(f) provides that, "All pleadings shall be so construed as to do substantial justice." Rule 54(c) contains the following, "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

 ██ Under these rules, and the great weight of the decided cases in jurisdictions where similar rules are in effect, it is very apparent that the chief function of a complaint is to give notice. George Washington Law Review, vol. 9, page 28. Under the new practice, the expression "cause of action" with all the theories connected therewith as developed under the former code, has been supplanted by the word "claim." We are no longer concerned with meeting technical requirements of theories of causes of actions. In construing the rules of civil procedure applicable to this cause we endeavor to ascertain the spirit and intent of the rules as reflected by the language employed. Prior to the adoption of the said rules it frequently happened that a litigant failed to secure the redress of a wrong for the reason that he misapprehended the theory of his technical "cause of action," and found himself out of court without any determination of the facts upon which he relied. We are fully convinced that the rules of civil procedure were intended to de-emphasize the theory of a "cause of action," and to place the emphasis upon the facts giving rise to the asserted claim. If sufficient notice concerning the transaction involved is afforded the adverse party, the theory of the pleader is not important. If, under the

facts, the substantive law provided relief upon any "theory," the cause should proceed to judgment. This construction seems to be in harmony with the views expressed by members of the rules Revision Committee of the Colorado Bar Association concerning the purposes and intent of the rules of civil procedure, as will appear from the statement thereof in Appendix D, vol. 1, '35 C.S.A., Rules of Civil Procedure.

In the instant case it is clear that the complaint was sufficient to give notice to the defendants concerning the transaction upon which the claim was based. Defendants sought no additional information by motion, depositions, interrogatories, or otherwise, and came forward with an answer in full explanation of their asserted right to keep the five hundred dollars which plaintiff sought to recover.

From the foregoing, it follows that the court erred in refusing to receive in evidence the contract under which the five hundred dollars was paid to defendants. The court further erred in dismissing the action. The complaint stated a claim, and the proof offered was relevent and material to the claim stated.

The judgment is reversed and the cause remanded with directions to reinstate the case; proceed with a trial of the issue; and enter judgment consistent with the views hereinabove expressed.