No. 19,968.

H. R. MITCHELL, ET AL., *v.* RUTH ELAINE EVANS, EXECUTRIX OF THE ESTATE OF HOWARD E. EVANS, DECEASED.
(375 P. [2d] 101)

Decided October 1, 1962.   Rehearing denied October 22, 1962.

Mr. RONALD H. STRAHLE, for plaintiffs in error.

Messrs. MARCH & MARCH, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE DAY.

PLAINTIFFS in error were sellers in a contract involving real estate. The defendant in error is the executrix of the estate of Evans who in his lifetime offered to purchase the property and who instituted the action to recover the down payment made by him.

We will refer to the parties as sellers and Evans.

Trial was to the court, resulting in a judgment in favor of Evans.

The case was submitted on stipulations. The facts as settled by the parties are that on June 5, 1959, sellers and Evans entered into a purchase contract concerning real property in Larimer County, Colorado. The total consideration to be paid was $23,000.00, payable $500.00 at the time of signing of the contract and $4,500.00 in cash on closing, the sellers to take back a mortgage for the balance. Possession was to be given on closing date, August 1, 1959.

The sellers agreed to convey by a warranty deed free and clear of all liens and encumbrances except 1959 taxes payable in 1960. They were to deliver an abstract of title showing the title to be clear as agreed, but the contract was silent as to procedures to be followed in the event title was found to be unmerchantable.

The contract provided for liquidated damages by way

of forfeiture of payments, on ten days' notice, if Evans failed to perform his agreements.

Evans, on June 17, 1959, had made a $500.00 payment bringing the amount then paid to $1,000.00. On August 1, 1959, the closing was not consummated, and the stipulation does not give any reason therefor. On September 1, 1959, Evans made an additional $1,000.00 payment and later in September (the exact date not specified) the parties met in conference with their lawyers, at which time the sellers were told that upon examination of the title Evans' lawyer had rendered an opinion that the title was not merchantable. At least one defect, referred to by the parties as the "Krickbaum defect," was called to the sellers' attention. However, Evans was still interested in the property and wanted further time to raise additional funds. An agreement was reached to close the transaction on September 25, 1959.

A meeting was held on that date at which the "Krickbaum defect" was again discussed. No further payments were made and the closing was not consummated. There was *discussion* not formalized nor made part of the contract, relative to acceptance by Evans of an arrangement under which a portion of the purchase price would be withheld in order to insure quieting of the title by sellers.

Evans did not tender further payment and on October 7, 1959, the sellers served a notice on him which recited, inter alia:

"Whereas, you have failed to make the payments provided for in said contract, you are hereby notified that unless your obligations under said contract are performed within ten (10) days from the date of service of this notice, the said contract shall be terminated, as provided therein, and all payments heretofore made under said contract will be retained by the sellers as liquidated damages."

In reply to the notice of termination, Evans, by letter dated October 12, 1959, made demand for return of the

$2,000.00 which had been paid, and stated no further payments would be made because of unmarketable title, specifying the "Krickbaum defect" as ground for rescission.

The judgment complained of was entered in favor of Evans and held that the sellers were not in a position to declare a forfeiture and retain the money paid as liquidated damages because of the title defect. We hold it to be correct.

■ The sellers do not deny that title to the property is defective and no steps were taken to correct the defect before declaring forfeiture. Since sellers could not perform, there was no duty on Evans to complete a bad bargain.

On behalf of the sellers it is contended: (1) The sellers have a reasonable time to correct any alleged deficiencies in title; (2) Since Evans was in default in failing to make his payments he could not rescind; and (3) Evans waived the right to rescind by indicating his continued interest in the property in spite of the title defect.

■ As a general proposition, when a contract contemplates examination of the title and report to the vendor of defects therein, where no fixed time is specified for the remedying of such defects, the vendor has a reasonable time to remove such defects. However, he may be estopped from asserting this right, where his conduct amounts to an election to stand upon the title as tendered. *Fruhling v. Ellis*, 143 Colo. 162, 352 P. (2d) 656. In this case the sellers by giving notice of forfeiture and termination to the vendee, elected to stand on the title as tendered.

■ At the time of the rescission Evans was not in default because no performance was required by him until the deal was closed, and this could not take place until merchantable title was tendered by the sellers. *White v. Evans*, 120 Colo. 200, 208 P. (2d) 922. It was

572

not necessary for Evans to tender the balance of the payment before declaring rescission. *Heaton v. Nelson,* 69 Colo. 320, 194 Pac. 614.

Evans did not waive his right of rescission. Having discovered the existence of the "Krickbaum defect" he had a right to insist upon its removal from the title or to accept the title conditioned upon its later removal. But he had no chance to make such election. The sellers having served notice of forfeiture and termination, effectively prevented Evans from exercising his election and forced the rescission.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ concur.