473 P.2d 184 (1970)
Emmett H. OSTEEN and Mildred L. Osteen, Plaintiffs in Error,
v.
Ritchie JOHNSON, Individually and doing business as Little Ritchie Johnson and R & J Advertising and Sales Co., and Little Ritchie Johnson Promotions, Defendant in Error.
No. 70-200, Supreme Court No. 23964.
Colorado Court of Appeals, Div. II.
August 5, 1970.
*185 Carl M. Shinn, Lamar, for plaintiffs in error.
Johnson & McLachlan, Harlan Johnson, Lamar, for defendant in error.
Not Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
The parties appear here in the same order as in the trial court and will be referred to as plaintiffs and defendant.
This was an action for breach of an oral contract. Trial was to the court, which found that the plaintiffs had paid the sum of $2,500. In exchange, the defendant had agreed to "promote" the plaintiffs' daughter, Linda Osteen, as a singer and composer of country-western music. More specifically, it was found that the defendant had agreed to advertise Linda through various mailings for a period of one year; to arrange and furnish the facilities necessary for Linda to record several songs; to prepare two records from the songs recorded; to press and mail copies of one of the records to disc jockeys throughout the country; and, if the first record met with any success, to press and mail out copies of the second record.
The trial court further found that the defendant did arrange for several recording sessions, at which Linda recorded four songs. A record was prepared of two of the songs, and 1,000 copies of the record were then pressed. Of the pressed records, 340 copies were mailed to disc jockeys, 200 were sent to the plaintiffs, and the remainder were retained by the defendant. Various mailings were made to advertise Linda; flyers were sent to disc jockeys throughout the country; and Linda's professional name was advertised in trade magazines. The record sent out received a favorable review and a high rating in a trade magazine.
Upon such findings the trial court concluded that the defendant had substantially performed the agreement. However, a judgment was entered in favor of the plaintiffs in the sum of $1.00 and costs on the basis that the defendant had wrongfully caused the name of another party to appear on the label of the record as co-author of a song which had been written solely by Linda. The trial court also ordered the defendant to deliver to the plaintiffs certain master tapes and records in the defendant's possession.

1. RIGHT OF RESTITUTION
Although plaintiffs' reasons are not clearly defined, they argue here that the award of damages is inadequate, and that the trial court erred in concluding that the defendant had substantially performed the agreement. However, no evidence was presented during the trial of the matter upon which an award of other than nominal damages could be based. In our opinion, the remedy which plaintiffs proved and upon which they can rely is that of restitution. See 5 A. Corbin, Contracts § 996. This remedy is available where there has been a contract breach of vital importance, variously defined as a substantial breach or a breach which goes to the essence of the *186 contract. See 5 A. Corbin, Contracts § 1104, where the author writes:
"In the case of a breach by non-performance, * * * the injured party's alternative remedy by way of restitution depends upon the extent of the non-performance by the defendant. The defendant's breach may be nothing but a failure to perform some minor part of his contractual duty. Such a minor non-performance is a breach of contract and an action for damages can be maintained. The injured party, however, can not maintain an action for restitution of what he has given the defendant unless the defendant's non-performance is so material that it is held to go to the `essence'; it must be such a breach as would discharge the injured party from any further contractual duty on his own part. Such a vital breach by the defendant operates, with respect to the right of restitution, in the same way that a repudiation of the contractual obligation would operate. A minor breach by one party does not discharge the contractual duty of the other party; and the latter being still bound to perform as agreed can not be entitled to the restitution of payments already made by him or to the value of other part performances rendered."
This rule is modified somewhat where the damages which might have been awarded would be difficult or impossible to determine or inadequate. See 17 Am.Jur.2d Contracts § 504; and Briggs v. Robinson, 82 Colo. 1, 256 P. 639.

2. BREACH OF CONTRACT
The essential question here then becomes whether any breach on the part of the defendant is substantial enough to justify the remedy of restitution. Plaintiffs argue that the defendant breached the contract in the following ways: First, the defendant did not promote Linda for a period of one year as agreed; secondly, the defendant wrongfully caused the name of another party to appear on the label as co-author of the song which had been composed solely by Linda; and thirdly, the defendant failed to press and mail out copies of the second record as agreed.
The first argument is not supported by the record. Plaintiffs brought the action within the one-year period for which the contract was to run. There was no evidence that during this period the defendant had not continued to promote Linda through the use of mailings and advertisements. Quite obviously the mere fact that the one-year period had not ended prior to the commencement of the action does not justify the conclusion that the defendant had breached the agreement. Plaintiffs' second argument overlooks the testimony offered on behalf of the defendant that listing the other party as co-author of the song would make it more likely that the record would be played by disc jockeys.
The plaintiffs' third argument does, however, have merit. It is clear from the record and the findings of the trial court that the first record had met with some success. It is also clear that copies of the second record were neither pressed nor mailed out. In our opinion the failure of the defendant to press and mail out copies of the second record after the first had achieved some success constituted a substantial breach of the contract and, therefore, justifies the remedy of restitution. Seale v. Bates, 145 Colo. 430, 359 P.2d 356; Colorado Management Corp. v. American Founders Life Insurance Co., 145 Colo. 413, 359 P.2d 665; Bridges v. Ingram, 122 Colo. 501, 223 P.2d 1051. Both parties agree that the essence of their contract was to publicize Linda as a singer of western songs and to make her name and talent known to the public. Defendant admitted and asserted that the primary method of acchieving this end was to have records pressed and mailed to disc jockeys.
We find no merit in the defendant's argument that the sole issue raised by the pleadings was whether the defendant had totally failed to perform the agreement. It is true that the complaint alleged that the *187 defendant had not performed the agreement "in anywise." R.C.P.Colo. 8(f) provides that:
"All pleadings shall be so construed as to do substantial justice."
R.C.P.Colo. 54(c) contains the following language:
"Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."
In Bridges v. Ingram, supra, the court stated:
"If sufficient notice concerning the transaction involved is afforded the adverse party, the theory of the pleader is not important. If, under the facts, the substantive law provided relief upon any `theory,' the cause should proceed to judgment."

3. DETERMINING DAMAGES
It is clear that the defendant did partially perform the contract and, under applicable law, should be allowed compensation for the reasonable value of his services. See 5 A. Corbin, Contracts § 1114, where the author writes:
"[A]ll courts are in agreement that restitution by the defendant will not be enforced unless the plaintiff returns in some way what he has received as a part performance by the defendant."
It shall, therefore, be the ultimate order of this court that prior to restoring to the plaintiffs the $2,500 paid by them to the defendant further proceedings be held during which the trial court shall determine the reasonable value of the services which the defendant rendered on plaintiffs' behalf.
The judgment is reversed, and this case is remanded with directions that a new trial be held to determine the one issue of the amount to which the plaintiffs are entitled by way of restitution. Such amount shall be the $2,500 paid by plaintiffs to defendant less the reasonable value of the services which the defendant performed on behalf of plaintiffs.
COYTE and PIERCE, JJ., concur.