528 P.2d 413 (1974)
NORTH DENVER BANK and the Colorado National Bank of Denver, Plaintiffs,
v.
Clayton W. BELL et al., Defendants.
FAIRWAYS LIVING, INC., et al., Defendants and Third-Party Plaintiffs-Appellants,
v.
CAPITOL FEDERAL SAVINGS, Third-Party Defendant-Appellee.
No. 73-342.
Colorado Court of Appeals, Div. I.
October 6, 1974.
*414 Saunders, Snyder & Ross, P. C., Glenn G. Saunders, W. B. Tourtillott, Denver, for third-party plaintiffs-appellants.
Harry M. Williams, Denver, for third-party defendant-appellee.
Not Selected for Official Publication.
KELLY, Judge.
Fairways Living, Inc. and the Loukonens, its sole stockholders, appeal from a judgment in favor of Capitol Federal Savings entered after trial to the court of Fairways' third-party action against Capitol Federal for alleged breach of a loan commitment agreement. We affirm. North Denver Bank and The Colorado National Bank of Denver obtained a decree of foreclosure against Fairways' real property and are not involved in the third-party action.
By letter dated April 3, 1963, Capitol Federal agreed to loan Fairways $271,000 at any time within eighteen months, for construction of a golf course. The letter contained seven conditions to be "met or agreed to either prior to or simultaneous to the closing of the permanent loan." Among other things, Fairways was to provide the signatures of all principals on the note; deliver to Capitol Federal the plans, specifications and complete cost breakdown on the proposed club house, the cost of which was "not to exceed $50,000 in any appreciable amount", give Capitol Federal the right of first refusal on all loans made in connection with the sale of residential property; complete the club house and golf course, and furnish a lien bond or insurance against loss from nonpayment of bills for labor and materials. After elapse of the eighteen-month period, Capitol Federal refused to make the loan.
On appeal, Fairways contends that the trial court improperly interpreted the requirements of Capitol Federal's letter of commitment as conditions precedent and that the evidence did not support the findings. These contentions are without merit.
It is clear from the language of the commitment letter that the listed requirements were intended to be conditions precedent to Capitol Federal's obligation to perform. While the letter did not expressly state the time was of the essence, that intent may be implied from the eighteen-month limitation. Montrozona Gold Mining Co. v. Thatcher, 19 Colo.App. 371, 75 P. 595. When the duty to perform a contract is predicated on the occurrence of certain conditions within a specified time, the unexcused failure to comply with such requirements discharges the duty of performance. See Orman & Crook v. Ryan Brothers, 25 Colo. 383, 55 P. 168; Ferris v. Blumhardt, 48 Wash.2d 395, 293 P.2d 935; Restatement of Contracts § 395. The trial court properly concluded that the requirements of the commitment letter were conditions precedent to Capitol Federal's performance.
There is substantial evidence in the record to support the findings of the trial court that the conditions in the loan commitment letter had not been met within the time allowed. Construction of the club house was not begun until approximately one month before the expiration date of Capitol Federal's agreement and its cost was half again as much as the limitation stated in the letter of commitment. Fairways had entered into a contract with a construction company for sale of one third of its interest in the real property, and that contract prevented Fairways from giving Capitol Federal the right of first refusal on loans. Fairways did not offer to provide the signatures of the owners of the construction company as principals on the note to be executed at the closing and could not provide the lien protection required by the commitment letter. Failure to fulfill any one of the conditions would have been sufficient ground for Capitol Federal's refusal to make the loan. See Arizona Land Title & Trust Co. v. Safeway Stores, 6 Ariz.App. 52, 429 P.2d 686; 5 S. Williston, Contracts § 675 (W. Jaeger 3d ed).
Fairways' additional contentions that it was prejudiced by the failure of the trial court to enter a pretrial order and by the trial court's alleged interference in the *415 conduct of the trial are not substantiated by the record. In any event, neither ground was stated in Fairways' motion for new trial and thus, review is foreclosed by C.R.C.P. 59(f).
Judgment affirmed.
ENOCH and BERMAN, JJ., concur.