**IDEAL FAMILY AND YOUTH RANCH,**
**Plaintiff-Appellee,**

v.

**Gary E. WHETSTINE,**
**Defendant-Appellant.**

**No. 82CA0270.**

Colorado Court of Appeals,
Div. I.

Aug. 26, 1982.

Rehearing Denied Sept. 23, 1982.

Certiorari Denied Nov. 29, 1982.

Dominick & Halperin, Michael P. Dominick, Boulder, for plaintiff-appellee.

Kraemer, Kendall & Bowman, P.C., Bill Bowman, Colorado Springs, for defendant-appellant.

COYTE, Judge.

Defendant appeals from a judgment forfeiting his interest in a thirty-five acre tract of land and determining that he has no interest therein. We reverse.

On February 14, 1980, defendant entered into a contract to purchase thirty-five acres from Elizabeth W. Morgan, who owned a ranch located in Boulder and Larimer counties. There was no downpayment, first payment was to be $2400 payable on March 1, 1981, and payments were to continue in that amount on the 1st of March each year thereafter until 1995 when the entire unpaid balance would be due and payable. The contract further provided that the seller had furnished a title abstract which showed that the seller had merchantable title to the property. However, it was agreed at trial that no evidence of marketable title had been furnished to defendant, since the same could not be furnished by the title company until a proper description

was supplied. The property description contained in the contract gave only the general location of the property but provided that the seller would complete a survey of the property which would give a more complete legal description.

The contract also recited that concurrently with the execution of the agreement, a warranty deed from seller conveying the property above described to buyer and a quitclaim deed from buyer to seller were delivered to an escrow holder, who was to deliver the warranty deed to buyer upon full payment of the purchase price. The contract gave the seller the right to terminate the contract upon default by buyer and after seller had given buyer fifteen days to cure the default. The parties further provided that in performing the conditions of the contract, time was of the essence.

In December of 1980, Morgan sold her entire ranch to plaintiff subject to the contract of sale in favor of defendant. The warranty deed given to and recorded by plaintiff provides that the conveyance is subject to an "agreement for purchase and sale of real property—escrow between grantor and Gary Whetstine dated February 24, 1980, which grantee assumes and agrees to perform."

The president of plaintiff corporation testified at trial that when he took title to the property on behalf of plaintiff he was aware of the agreement with defendant and that he had agreed to perform the obligations of the agreement. Yet, he also testified that he felt no duty to defendant to see that the survey was completed.

On March 1, 1981, defendant contacted plaintiff's attorney as to how the check should be made out so that he could make his land payment, at which time the attorney told defendant that the proper deeds were not in escrow. Defendant then contacted his attorney who wrote to plaintiff advising of the failure to have proper deeds in escrow and offering to establish an escrow to hold defendant's payment until the proper deeds could be deposited. Plaintiff did not respond to this letter, but a few months thereafter, served notice of default on defendant. When the payment was not made within the 15 days, suit seeking a forfeiture of defendant's interest in the thirty-five acres was commenced against defendant. Defendant filed a counterclaim seeking to have plaintiff furnish a title abstract and place a proper deed in escrow.

The trial court held that the obligation on the part of defendant to make his first payment on the property on March 1, 1981, was independent of the obligation to furnish evidence of good title by plaintiff. It further held that since defendant did not cure his default, plaintiff was entitled to the termination of defendant's interest in the thirty-five acres and dismissed defendant's counterclaim.

When plaintiff bought the entire parcel of property from the seller it took with notice of the prior conveyance to the defendant and expressly agreed to assume the seller's obligation to defendant under the previous contract between them. Consequently, the plaintiff stands in the shoes of the seller and is obligated to perform the seller's duties under the contract.

■ Contractual conditions as to payment by the buyer and the furnishing of marketable title and a warranty deed by the seller are generally construed to be independent conditions in an installment sales contract. *Gillett v. Cheairs,* 79 Colo. 20, 243 P. 1112 (1926); *Restatement (Second) of Contracts* § 234 illustration 6 (1981). Where, however, the contract between the parties provides that seller is to deliver a warranty deed into escrow at the time of the execution of the agreement, this time specified by the parties determines the seller's obligations under the contract. *A. Corbin, Contracts* § 689 at 250 (1960).

■ As the contract provided that delivery of the deed into escrow was to occur prior to any payments by the buyer being due, the parties thereby made delivery of the deed a condition precedent to the buyer's obligation to pay. *North Denver Bank v. Bell,* 528 P.2d 413 (Colo.App.1974) (not selected for official publication); *A. Corbin,*

*Contracts* § 716 at 367 (1960). This interpretation is mandated by the nature of an escrow delivery, which to be effective, must divest the seller of all control over the deed. *Rosenthal v. Sandusky,* 35 Colo.App. 220, 533 P.2d 523 (1975). Consequently, when the parties provided a time for placing the deed into escrow, the seller had an obligation to place a deed evidencing good title at that time. A contrary interpretation would have the buyer obligated to make payments without any knowledge as to whether the seller had good title to the property he was purporting to convey. *Allison v. Schuber,* 74 Colo. 545, 223 P. 53 (1924); *see O'Donnell v. Chamberlin,* 36 Colo. 395, 91 P. 39 (1906).

Accordingly, when the plaintiff failed to place the deed into escrow within a reasonable time after the buyer requested it to do so, it had elected to stand on its performance at that time. Since plaintiff had failed to satisfy the condition precedent that the deed be placed in escrow, it was in default and therefore could not enforce a forfeiture against defendant. *Mitchell v. Evans,* 150 Colo. 568, 375 P.2d 101 (1962); *White v. Evans,* 120 Colo. 200, 208 P.2d 922 (1949). Accordingly, the trial court erred in finding that the buyer had forfeited his interest in the property.

The judgment is reversed and the cause is remanded to the trial court for reinstatement of defendant's counterclaim for further proceedings thereon consistent with this opinion.

SMITH and KELLY, JJ., concur.